IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | CHAPTER 7 |
| | ) | |
| WEISBAND, BARRY | ) | CASE NO. 4-09-05175-EWH |
| | ) | |
| Debtor(s). | ) | **NOTICE OF TRUSTEE'S INTENT** |
| | ) | **TO ABANDON PROPERTY** |
| _____ | ) | |

Notice is given that Stanley J. Kartchner, Trustee, proposes to abandon the following-described property on the grounds that it is burdensome and of inconsequential value to the estate:

1. RENTAL DUPLEX 2774 FAIR OAKS, Scheduled value: $60,000; Scheduled liens: $197,645; Trustee net nonexempt value: 0.

2. RENTAL DUPLEX 2764 FAIR OAKS, Scheduled value: $60,000; Scheduled liens: $197,556; Trustee net nonexempt value: 0.

3. DEBTOR'S RESIDENCE LOT 59 LOS CERROS DE KINO PIMA COUNTY RECORDER, OR AS MORE COMMONLY KNOWN AS 5424 E PLACITA APAN TUCSON AZ 85718, Scheduled value: $275,000; Scheduled liens: $585,374.21; Exemption claimed: "Claimed as exempt though no equity;" Trustee net nonexempt value: 0.

Trustee notes that as to the two rental duplexes, stay relief was granted to the lender on both properties, and subsequent references in the court record indicate that deed of trust sales have been completed for both properties. Trustee is aware of no legal or equitable theory that could bring value to the bankruptcy estate with respect to these properties and therefore proposes to abandon not only the properties but also any and all actual or potential claims or causes of action associated with said properties.

As to Debtor's residence, Trustee has reviewed the administrative and adversary dockets pertaining to the property and is aware of the vigorously contested issues raised by Debtor with respect to the validity and/or enforceability of the scheduled mortgage lien in favor of GMAC Mortgage (GMAC). For the reasons stated below, Trustee is of the opinion that the residence is subject to a valid, unavoidable mortgage lien and therefore has no value to the bankruptcy estate.

1. Debtor successfully challenged GMAC's standing to obtain stay relief with respect to the residence, and the lack of standing theories advanced by Judge Hollowell in denying GMAC's lift stay motion were subsequently approved by the 9th Circuit BAP in <u>Veal v. American Home Mortgage Serv'g, Inc. (In re Veal)</u>, 450 B.R. 897 (BAP 9th Cir. 2011).

2. However, notwithstanding the denial of GMAC's lift stay motion for lack of standing, Trustee is unaware of any decision at the circuit level supporting the notion that lack of standing necessarily or even plausibly leads to avoidance of the mortgage lien entirely. Indeed, as Judge Hollowell stated in her March 29, 2010 Memorandum Decision in support of her order denying GMAC's lift stay motion, "[T[he Debtor's argument that the Note is unenforceable because the funder of the Note was not the payee fails. The Note is still valid and can be enforced by the party who has the right to enforce it under applicable Arizona law." Admin Docket No. 128 at p. 15, l. 11-14.

3. Therefore, even though GMAC may be in a procedural quandary with respect to its lift stay motion, and there may be some question as to which entity has the right to enforce the note, there appears to be no legal or equitable basis upon which Trustee can rely for avoiding the mortgage lien in its entirety and thereby bringing nonexempt value into the bankruptcy estate. Simply churning the wheels of the bankruptcy process to delay stay relief without producing real value to the bankruptcy estate is not, in Trustee's view, a productive use of trustee and judicial resources.

4. Further, Count One of Debtor's adversary complaint against GMAC, et al, the sole surviving count in the complaint (assuming the proposed abandonment is withdrawn or denied and the adversary proceeding can and should be resurrected), may be insufficient as a matter of law to conclusively challenge the nature and extent of the mortgage debt against Debtor's residence. While Count One may seek disallowance or avoidance of the mortgage debt as to the named defendants (it is not entirely clear from the complaint if that is in fact the relief being requested in Count One), it does not appear to seek disallowance or avoidance of the mortgage debt as to all potential holders of the proffered (and therefore clearing existing) original note. And as stated by Judge Hollowell (see paragraph 2 above), the note is still valid and can be enforced. Therefore, absent a specific count in the adversary complaint seeking to avoid the mortgage as to all potential holders, it does not appear that the relief requested in the adversary complaint will be sufficient to avoid the mortgage debt in its entirety.

5. Trustee also notes that with the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), there may be some question as to whether the bankruptcy court can enter a final order deciding the nature and extent of the mortgage lien as apparently envisioned by Debtor notwithstanding any other applicable law indicating that the matter is a core proceeding. Thus, the dispute may ultimately have to be heard and decided at the District Court level if the residence were to remain property of the bankruptcy estate.

Any person opposing the abandonment shall file a written objection with the Clerk of the United States Bankruptcy Court, 38 S Scott Ave., Tucson AZ 85701. The objection must be filed within 14 days from the date of the mailing of this Notice. The date of mailing can be obtained by a review of the file with the Clerk of the U.S. Bankruptcy Court. A copy of the objection shall be mailed forthwith to the trustee at the following address:

Stanley J. Kartchner, 7090 N. Oracle Rd., #178-204, Tucson AZ 85704.  (520) 742-1210.

If a party in interest timely objects to the abandonment in writing and requests a hearing, the matter will be placed on the calendar to be heard by a United States Bankruptcy Judge.  If there is no timely written objection and request for hearing filed, no hearing will be held and the property will be deemed abandoned without a court order having been entered.

DATED: November 30, 2012

/s/ SJK
_____
STANLEY J. KARTCHNER, TRUSTEE